UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE TRICE,

      Plaintiff,

vs.                                                                      Case No.:  8:20-cv-00891

TARGET CORPORATION,

      Defendant,

_____/

### DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

      Defendant Target Corporation (hereinafter, "Target"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 3.01, hereby moves this Honorable Court for entry of Final Summary Judgment in its favor and against Plaintiff Joyce Trice. In support thereof, Target states as follows:

### UNDISPUTED MATERIAL FACTS

      1.     This case arises out of a June 28, 2018 trip and fall at one of Target's stores located at 15240 N Dale Mabry Hwy, Tampa, Hillsborough County, Florida (hereinafter, the "Store"). (Amended Complaint, Doc. 1, at ¶ 6). Plaintiff alleges that "she tripped and fell on broken and/or uneven pavement and/or ground" when she "was walking into the store." *Id.* at ¶ 8. *See also* Plaintiff's Answers to Target's Interrogatories, attached hereto as **Exhibit A**, at ¶ 8 ("I fell as I was walking into the store due to a crack in the walkway."); Plaintiff's Deposition Transcript, attached hereto as **Exhibit B**, at 29:7-8 ("I was going up the walkway, entering the walkway, and I fell. I tripped and fell.").

2.      Plaintiff has brought this one-count Complaint for negligence against Target arising out of the above referenced Incident. (Doc. 1). Plaintiff alleges Target owed her a duty to use reasonable care and breached that duty by (a) failing to exercise reasonable care in maintain the pavement and/or ground; (b) failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as broken and/or uneven pavement and/or ground did not exist; (c) failing to warn Plaintiff that the pavement and/or ground was unreasonably dangerous; (d) failing to repair the pavement and/or ground and keep it in safe condition; and (e) failing to periodically and properly check the pavement and/or ground so as to ensure that it was not broken and/or uneven and/or dangerous. *Id.* at ¶ 10. Plaintiff further alleges that Target had actual knowledge of the alleged condition, or it existed for such a length of time that Target should have had knowledge. *Id.* at ¶ 11.

3.      While Plaintiff has alleged she tripped and fell, she does not actually know what caused her to trip and fall. In her deposition Plaintiff testified she referenced a crack in the walkway in her interrogatory answers because "that's what I estimated [sic] was because ***I don't know why I fell***. That's the only thing that I can think that would make me fall like that." **Ex. B at 29:24-30:2**. (emphasis added).

4.      Furthermore, in her sworn deposition testimony, Plaintiff stated that "[I] don't know what I tripped on it was so fast."  **Ex. B. at 35:7-8**.  This deposition testimony is the extent of Plaintiff's "evidence" regarding the cause of her fall.

5.      On October 12, 2020, Plaintiff served her expert witness disclosure, indicating that she "does not have any retained experts at this time" and only anticipated calling one or more of her treating medical providers.

6.      On November 17, 2020, Target served its Expert Witness Disclosure, listing, among others, Robin J. Davies, P.E. and attaching his written report. *See* Walkway Condition Assessment Report ("Report"), attached hereto as **Exhibit C**. Ms. Davies' evaluation revealed that "[t]he walkway surfaces at the location where the fall incident occurred did not exhibit cracking, out-of-plane separations, areas that were depressed or had been undermined, or any other conditions that would deem the walkway surfaces in need of repair." *Id.* at p. 9. Further, "[t]he measurements taken during our inspection of the subject walkway were found to comply with the applicable codes and standards." *Id.* Additionally, Mr. Davies' found that the contrast striping along the subject curb clearly identified the location of the elevation change and that the lighting in the area was sufficient. *Id.* at p. 10. Mr. Davies' concluded with the following opinions:

> The curb ramp transition between the asphalt road and the concrete sidewalk near the entrance to the store did not present any identifiable violations of the applicable building codes or regulations.

> The area where the fall incident occurred was maintained in a reasonably safe condition and did not exhibit any dangerous or hazardous conditions.

*Id.* at p. 11.

7.      Discovery closed in this case on December 17, 2020.

8.      Plaintiff has not taken any depositions in this matter. Target has conducted the deposition of Plaintiff and Plaintiff's treating physician, Dr. Frederick McClimans (who Plaintiff cross-noticed the deposition of).

9.      In brief, Plaintiff alleges that Target was negligent because she tripped and fell while approaching the Store; however, Plaintiff does not know what she tripped on and

has not presented any evidence or expert testimony to support her allegations. Because Plaintiff has not, and cannot, present competent evidence to establish that Target breached any duty to her, her negligence claim must fail and Target is entitled to summary judgment as a matter of law.

### LEGAL STANDARD

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). "The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Target, as the moving party, "has the initial burden of demonstrating the nonexistence of any genuine issue of material fact," by way of competent evidence. *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1088 (Fla. 3d DCA 2011). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, *i.e.*, affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.

*Kertz v. United States*, 2:12-CV-22-FTM-29SPC, 2013 WL 12119566, at *1 (M.D. Fla. Apr. 15, 2013).

**ARGUMENT**

As a federal court sitting in diversity jurisdiction over this state law negligence action, the Court must apply Florida law to evaluate Target's Motion. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Florida law requires a plaintiff to prove: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the defendant's breach was the cause of plaintiff's injuries, and (4) that the plaintiff suffered damages arising from the breach. *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 725 (11th Cir. 2014) (citing *Delgado*, 65 So. 3d at 1087).

## A. TARGET IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT DID NOT BREACH ANY DUTY TO PLAINTIFF

"[A] business owner owes two 'separate and distinct' duties to business invitees: '1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises in a reasonably safe condition.'" *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017) (quoting *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011)). "Obviously, in some cases, a property owner may in fact comply with both duties when an open and obvious condition does not trigger a duty to warn and the condition itself does not violate a property owner's duty to maintain the premises in a reasonably safe condition." *Id.* "[T]here is no duty to warn against an open and obvious condition that is not inherently dangerous." *Id.* (quoting *Ramsey v. Home Depot U.S.A., Inc.*, 124 So.3d 415, 417 (Fla. 1st DCA 2013)). "An owner is entitled

to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense[s], and is not required to give the invitee notice or warning of an obvious danger." *Aventura Mall Venture v. Olson*, 561 So. 2d 319, 320 (Fla. 3d DCA 1990) (quoting *Crawford v. Miller*, 542 So.2d 1050, 1051 (Fla. 3d DCA 1989)).

   i.   **The Target Curb Was An Open and Obvious Condition such that Target was not Negligent As a Matter of Law**

It is well settled under Florida law that steps, changes in ground and floor levels, and uneven flooring are so open and obvious that they do not constitute negligence as a matter of law. *White v. W.G. Parcel B. LLC*, 615CV867ORL22KRS, 2016 WL 9525667, at *4 (M.D. Fla. Nov. 29, 2016) (citing *Allen v. Young*, 807 So. 2d 704, 705–06 (Fla. 4th DCA 2002) (affirming summary judgment where the plaintiff fell due to a change in elevation between a patio deck and pool area because "there was no proof that the change in floor levels here created an optical illusion, nor was there proof of an uncommon design or mode of construction"); *Rice v. Whitehurst*, 778 So. 2d 1027, 1028 (Fla. 4th DCA 2001) (finding no negligence where plaintiff fell on step from foyer into main room); *Rosenfeld v. Walt Disney World Co.*, 651 So. 2d 811 (Fla. 5th DCA 1995) (holding that a street curb in an amusement park is not an inherently dangerous condition); *Gorin v. City of St. Augustine*, 595 So. 2d 1062 (Fla. 5th DCA 1992) (concluding that a sidewalk curb used as a platform to pick up and drop off passengers riding a tram is not a hidden dangerous condition); *Olson*, 561 So. 2d at 319 (finding that six inch sidewalk curb located at a mall is not a concealed and latent danger); *Circle K Convenience Stores, Inc. v. Ferguson*, 556 So.2d 1207, 1208 (Fla. 5th DCA 1990) (finding that an uneven parking lot surface located at a convenience store does not constitute a hidden dangerous condition); *Casby v. Flint*, 520 So. 2d 281 (Fla. 1988)

(finding that multiple floor levels in a dimly lit and overcrowded room in a home are not inherently dangerous); *Bowles v. Elkes Pontiac Co.*, 63 So. 2d 769, 772 (Fla. 1952) (noting that the presence of uneven floor levels in public places does not constitute a hidden and dangerous condition and affirming grant of motion to dismiss despite that "plaintiff alleged that there was no sign, handrail, or floor mat to put one on notice that the floor level dropped off abruptly")).

Plaintiff's claim fails as a matter of law because the condition of the sidewalk was not concealed but instead was an open and obvious condition. *Ramsey*, 124 So.2d at 417. Plaintiff tripped over the curb while approaching the Store. *See* **Ex. C**, at p. 9. The curb was painted yellow, which contrasted the asphalt surface of the street and the white crosswalk stripes. *Id.* at p. 10. The elevation change was clearly identified by the contrast striping and the area was well illuminated. *Id.* Additionally, the curb complied with all applicable codes and standards. *Id.* at p. 9.

While Plaintiff generally alleges there was a crack in the curb/concrete or that it was uneven (*see* Doc. 1), Plaintiff testified that she does not actually know what she tripped on and that she was just making assumptions. **Ex. B**, **at 29:24-30:2 & 35:7-8.**  Plaintiff has not submitted ***any*** evidence that the subject area was not properly maintained or that it suffered from any design defects. Rather, the evidence submitted by Target is to the contrary. *See* **Ex. C**.

This case is analogous to *Olson* wherein the plaintiff fell from a six-inch sidewalk curb at the mall. 561 So.2d at 319. The Court found the plaintiff "encountered a condition which was permanent, in place, and obvious. There was no proof of any defect in the

sidewalk curb which caused [plaintiff] to fall. In other words, there was no evidence of negligence." *Id.* at 321. "To hold that an ordinary sidewalk curb, without more, is inherently dangerous would make every municipality and business establishment the virtual insurer of the safety of every pedestrian." *Id.* "The curb was plainly visible and could have been seen by [plaintiff] had she been looking where she was going." *Id.* at 320. *See also Ramsey*, 124 So.2d at 417 (holding the fact that plaintiff did not see the condition does not render it dangerous, let alone one that was not open and obvious).

Similarly here, the curb was an open and obvious condition that would have been readily observable to patrons employing their own senses and would be expected at the entrance to the Store. *Murdoch v. City of Jacksonville Beach*, 197 So.2d 845, 845 (Fla. 1st DCA 1967). Plaintiff had gone to this specific Target store on approximately ten prior occasions, and therefore certainly should have been aware of the curb entrance in the use of ordinary and reasonable care. **See Ex. B, at 26:20-25**. "An owner or occupier of a place of business is not an insurer of his customers' safety; rather, he owes his customers only a duty to protect against those risks which are reasonably foreseeable." *Westchester Exxon v. Valdes*, 524 So.2d 452, 455 (Fla. 3d DCA 1988). "The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises." *Aaron v. Logro Corp.*, 226 So.2d 8, 9 (Fla. 3d DCA 1969) (citing *Becksted v. Riverside Bank of Miami*, 85 So.2d 130, 130 (Fla. 1956)). *See also Murdoch*, 197 So.2d at 845 (sustaining judgment for defendant wherein the injured party tripped over a raised portion of a sidewalk, noting "[t]he step was clearly visible, and a yellow 'safety stripe' was painted on the edge of the sidewalk.").

There are two exceptions to the general rule in Florida that the existence of multiple floor levels is not a dangerous condition: (1) that a plaintiff establish an uncommon design or mode of construction, or (2) that the layout created an optical illusion. *Allen*, 807 So. 2d at 705. In this case, however, Plaintiff has failed to produce any evidence of an uncommon design or that the curb created an optical illusion. *See Matson v. Tip Top Grocery Co.*, 151 Fla. 247, 249 (Fla. 1942) ("It is common knowledge that there are steps and uneven floor levels in many places. Such construction may be for convenience, necessity, artistic arrangement or to facilitate better merchandising. Such construction, when within reason, is not a breach of duty.")

Because the condition of the curb/pavement was so open and obvious, so common and so ordinary innocuous, it cannot be held as a matter of law to constitute a hidden dangerous condition of which Target had a duty to warn Plaintiff. *See Ferguson*, 556 So.2d at 1208. "In Florida, if an alleged danger is open and obvious enough, it does not consist of a dangerous condition as a matter of law." *Ugaz v. American Airlines, Inc.*, 576 F. Supp. 2d 1354, 1371 (S.D. Fla. 2008). "The Supreme Court of Florida has held as a matter of law that a difference in floor levels, even in dim lighting, is not an inherently dangerous condition requiring a duty to warn." *Id.* (citing *Schoen v. Gilbert*, 436 So. 2d 75, 76 (Fla. 1983)).

  ii. *Target Maintained the Premises in a Reasonably Safe Condition, and therefore Cannot be Liable as a Matter of Law*

Additionally, Plaintiff has failed to put forth any evidence that raises a genuine issue of material fact as to whether Target complied with its duty to maintain the premises in a reasonably safe condition. Target has offered photographic evidence of the condition of the curb/pavement, and offered an expert report that the curb was not an inherently dangerous

condition and that it complied with all applicable codes and standards. *See* **Ex. C**. Plaintiff has not retained any expert to refute these allegations and the time for doing so has passed. Plaintiff's unsupported allegations do not establish that Target failed to maintain the curb/pavement in a reasonably safe manner or that it was in any way defective; she only offered a speculative opinion as to why she tripped. *See Ramsey*, 124 So.3d at 418. Conclusory, general assertions, particularly those of a non-expert, do not create factual disputes necessary to avoid summary judgment. *Id.*

Because Plaintiff has not presented any evidence that Target failed to use ordinary care to maintain the curb/pavement in a reasonably safe condition, no genuine issues of material fact exist as to this prong of the negligence test.

### B.  FLORIDA STATUTE § 768.0755 IS INAPPLICABLE TO THIS CASE

In her Amended Complaint Plaintiff alleged the statutory language contained in Fla. Stat. § 768.0755.  Target strongly disputes that this statutory provision applies to this trip and fall case, but Target addresses same out of an abundance of caution. Fla. Stat. § 768.0755 provides, in part, as follows:

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

First, there is no indication that Plaintiff's trip and fall occurred as the result of a transitory substance at a business establishment.  Accordingly, any claim under this statute is inapplicable as a matter of law.  Furthermore, not only was the curb/pavement not a dangerous condition as outlined above, Plaintiff has not put forth any evidence of Target's actual or constructive knowledge of the allegedly dangerous condition. In contrast, Target's expert opined that the subject curb/pavement did not present a dangerous or hazardous condition and there is no evidence that Target should have taken any action to remedy it. **Ex. C**.

## CONCLUSION

Target is entitled to summary judgment in this negligence case because Plaintiff has failed to establish that Target had a duty to warn of the presence of the curb/pavement that was located in an open and obvious place and because the conclusory allegations in Plaintiff's complaint, interrogatory answers, and made in her deposition are insufficient to create a disputed issue of material fact as to whether Target maintained its premises in a reasonably safe condition.

> "If the obviousness of the condition would lead a reasonable person to believe that the danger will be avoided, the condition is not unreasonably dangerous, and the landowner is not liable…merely being on another's property when injured by such conditions does not automatically allow a person to shift the fault for accidents caused by his own negligence.

*Arnoul v. Busch Entm't Corp.*, 807-CV-1490T-24-TGW, 2008 WL 4525106, at *3 (M.D. Fla. Oct. 6, 2008). The legal duty of premises owners owed to business invitees is based on logic, common sense, and human experience, and in this case, Target did not breach any duty owed to Plaintiff as a matter of law.

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Court using the CM/ECF system, and that a copy has been sent via Certified and Regular USPS Mail (with attachments/exhibits) to Plaintiff, **JOYCE TRICE**, at 12401 Orange Grove Drive S., Apt. 1006, Tampa, Florida 33618, on **January 12, 2021**.

HILL WARD HENDERSON

/s/ Cory J. Person
Cory J. Person (Fla. Bar No. 32950)
cory.person@hwhlaw.com
Sherilee J. Samuel (Fla. Bar No. 017499)
sherilee.samuel@hwhlaw.com
Nicole D.D. Walsh (Fla. Bar No. 111961)
nicole.walsh@hwhlaw.com
101 East Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Ph. 813.221.3900; Fax 813.221.2900
*Attorneys for Target Corporation*

14881773v1