UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE TRICE,

      Plaintiff,

v.                                                            Case No.   8:20-cv-891-T-24 AAS

TARGET CORPORATION,

      Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Summary Judgment.   (Doc. No. 24).   Plaintiff, who is now proceeding *pro se*, failed to respond to the motion.   When the Court granted Plaintiff's attorney's motion to withdraw from this case, the Court warned Plaintiff that she would need to respond to any forthcoming motion for summary judgment by February 3, 2021.   (Doc. No. 23).   The Court also warned Plaintiff that her failure to timely respond would result in the Court deeming Defendant's motion to be unopposed.   Accordingly, the Court deems the instant motion for summary judgment to be unopposed and grants the motion.

## I.   Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.   See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).   The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.   See id. (citation omitted).   When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.   See id. (citation omitted).

## II.   Background

Plaintiff Joyce Trice has asserted a negligence claim against Defendant Target Corporation for injuries she sustained as a result of a fall outside a Target store.   (Doc. No. 1-2).   The following facts come from Plaintiff's deposition testimony and Defendant's expert report: Plaintiff went to Defendant's Target store to return strawberries that she had previously purchased.   (Doc. No. 27, depo. p. 28-29).   Plaintiff was walking up the walkway to the store when she tripped and fell.   (Doc. No. 27, depo. p. 29).   She does not know what caused her to trip and fall, although she remembers that it was misty outside and the lighting was not

good.   (Doc. No. 27, depo. p. 29-30, 35, 37).   The fall caused Plaintiff to hit her head, and she woke up to a Target manager asking her if she was ok.   (Doc. No. 27, depo. p. 29, 39-40).   Thereafter, Plaintiff was taken to a hospital via ambulance.   (Doc. No. 27, depo. p. 40).

Defendant has video of Plaintiff's fall and showed it to her at her deposition. (Doc. No. 27, depo. p. 32).   Defendant's expert also reviewed the video, and the expert also conducted a site inspection of the area where Plaintiff fell.   (Doc. No. 24-3, p. 3 of 34).   The expert stated that Plaintiff's fall occurred at the curb of a ramp located between the parking lot and the main entrance to the store.   (Doc. No. 24-3, p. 4 of 34).   The expert stated that "[t]he walkway surfaces at the location where the fall incident occurred did not exhibit cracking, out-of-plane separations, areas that were depressed or had been undermined, or any other conditions that would deem the walkway surfaces in need of repair."   (Doc. No. 24-3, p. 10 of 34).   The expert expressed the following two opinions: (1) "The curb ramp transition between the asphalt road and the concrete sidewalk near the entrance to the store did not present any identifiable violations of the applicable building codes or regulations;" and (2) "The area where the fall incident occurred was maintained in a reasonably safe condition and did not exhibit any dangerous or hazardous conditions."   (Doc. No. 24-3, p. 12 of 34).

### III.   Motion for Summary Judgment

Plaintiff has asserted a negligence claim against Defendant.   To succeed on a negligence claim, Plaintiff must show the following: "(1) The existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others[,] including the plaintiff; (2) A failure on the part of the defendant to perform that duty; and (3) An injury or damage to the plaintiff proximately caused by such failure."   Westchester Exxon v. Valdes, 524 So. 2d 452, 454 (Fla. 3d DCA 1988)(citations omitted).

Defendant moves for summary judgment on Plaintiff's negligence claim, arguing that Plaintiff cannot present any evidence that it breached any duty owed to her.   This Court agrees with Defendant.

Defendant owed the following duties to Plaintiff, as a business invitee: "(1) to keep its property in reasonably safe condition and to protect [Plaintiff] from dangers of which it is or should be aware; and (2) to warn [Plaintiff] of concealed dangers which are or should be known to the owner or occupier and which are unknown to [Plaintiff] and cannot be discovered by [her] through the exercise of due care."   Id. at 455 (citations omitted); see also Vallot v. Logan's Roadhouse, Inc., 567 Fed. Appx. 723, 725 (11th Cir. 2014)(citation omitted).   "An owner or occupier of a place of business is not an insurer of [its] customers' safety; rather,

[it] owes [its] customers only a duty to protect against those risks which are reasonably foreseeable."   Valdes, 524 So. 2d at 455 (citations omitted).

Plaintiff does not know what caused her to fall, and as such, she has not offered any evidence that Defendant breached a duty owed to her.   Such deficiency is fatal to her claim, and Defendant is entitled to summary judgment.

## IV.   Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendant's Motion for Summary Judgment (Doc. No. 24) is **GRANTED**.

(2)   The Clerk is directed to enter judgment in favor of Defendant and to **CLOSE** this case.

**DONE** and **ORDERED** at Tampa, Florida, this 8th day of February, 2021.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro se* Plaintiff Joyce Trice, 12401 Orange Grove Drive S, Apt 1006, Tampa, Florida 33618

5