UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE TRICE,

      Plaintiff,

v.                                                                         Case No.   8:20-cv-891-T-24 AAS

TARGET CORPORATION,

      Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiff's construed motion to review

the costs taxed against her.   (Doc. No. 35).   Defendant previously filed a motion

for attorneys' fees and costs (Doc. No. 30), but it withdrew the motion to the extent

that it sought an award of attorneys' fees (Doc. No. 37).   As such, the Court

considers Defendant's motion for attorneys' fees and costs (Doc. No. 30) to the

extent that it addresses the costs being sought, and the Court also considers

Defendant's supplement/response to Plaintiff's construed motion to review the

costs taxed against her (Doc. No. 39).   As explained below, the amount of costs

taxed against Plaintiff must be reduced.

## I.   Background

Plaintiff Joyce Trice filed this slip and fall lawsuit against Defendant Target

Corporation in state court, and Defendant removed the case to this Court.   Plaintiff

was represented by counsel from the inception of this case through mediation on

December 11, 2020, and then counsel moved to withdraw on December 17, 2020.

(Doc. No. 20).   The Court granted counsel's motion to withdraw (Doc. No. 23),

and thereafter, Defendant moved for summary judgment (Doc. No. 24).   The

Court granted Defendant's motion for summary judgment (Doc. No. 28), entered

judgment in favor of Defendant (Doc. No. 29), and then taxed costs against

Plaintiff in the amount of $18,657.31 (Doc. No. 34).

## II.   Motion to Review Costs[1]

In the instant motion, Plaintiff seeks a review of the costs taxed against her.

Accordingly, the Court will analyze each category of costs sought by Defendant.

Defendant, as the prevailing party, seeks $18,657.31 in costs.   In reviewing

these costs, the Court is mindful of the following:

> A prevailing party may recover costs as a matter of course
> unless otherwise directed by the Court or applicable
> statute.   Congress has delineated which costs are
> recoverable under Rule 54(d), Fed.R.Civ.P.   The Court
> has the discretion to award those costs specifically
> enumerated in 28 U.S.C. § 1920.   The Court, however,
> may not tax as costs any items not authorized by statute.
> When challenging whether costs are taxable, the losing
> party bears the burden of demonstrating that a cost is not

---

1 Defendant's motion for attorneys' fees and costs is based, in part, on Florida's Offer of
Judgment rule set forth in Florida Statute § 768.79.   Defendant made an offer of judgment on
December 11, 2020, which Plaintiff did not accept.   This statute is inapplicable to the costs
being sought, because it only allows recovery for costs incurred after the offer was served, and
none of the costs being sought were incurred after December 11, 2020.   Fla. Stat. §
768.79(6)(a).

> taxable, unless the knowledge regarding the proposed cost
> is within the exclusive knowledge of the prevailing party.

Monelus v. Tocodrian, Inc., 609 F. Supp.2d 1328, 1332-33 (S.D. Fla. 2009)(internal citations omitted).

Defendant seeks an award of costs for the $400 filing fee, as well as the $600 it spent to serve its subpoenas.   These costs are recoverable under 28 U.S.C. §1920(1).   Defendant also seeks an award of costs for the deposition transcripts it obtained of Plaintiff and its expert, totaling $418.07.   These deposition transcript costs are recoverable under §1920(2), as they were necessarily obtained for use in this case.

Defendant also seeks reimbursement of $2.60 for in-house photocopying of 26 pages at ten cents per page.   (Doc. No. 31).   While photocopying costs may be recoverable under §1920(3), there is no explanation regarding what was photocopied, and as such, there is no way for the Court to determine if the copies were necessarily obtained for use in the case.   Therefore, the Court will exclude these costs.

Next, Defendant seeks reimbursement for the $1,750 expert witness fee that it paid to its expert witness.   Witness fees are recoverable under §1920(3). However, the amount that is recoverable is limited to $40 per day per witness, plus travel expenses.   28 U.S.C. §1821.   As such, the Court reduces the amount allowed for Defendant's expert witness fee to $40.

Next, Defendant seeks reimbursement for the amount it spent obtaining copies of Plaintiff medical records.   While such amounts are recoverable photocopying costs in this case, Defendant has only substantiated costs of this type in the amount of $1,919.49 ($25 less than the amount that was sought).   (Doc. No. 39-5).   Thus, only $1,919.49 is recoverable.

Finally, Defendant asks the Court for an award of its experts and investigation costs, totaling $12,540.85.   Not only does the amount of these costs differ from the amount sought in the Bill of Costs, but also these costs are not recoverable under §1920.   As such, the Court excludes these costs.

## III.   Conclusion

Based on the above, the Court finds that Defendant is only entitled to an award of $3,377.56 in costs.   This amount consists of the following: (1) $400 filing fee, (2) $600 for serving subpoenas, (3) $418.07 for two deposition transcripts, (4) $40 witness fee, and (5) $1,919.49 for the photocopies of Plaintiff's medical records.   Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's construed motion to review the costs taxed against her (Doc. No. 35) is **GRANTED**.

(2)   The Clerk is directed to **VACATE** the Bill of Costs (Doc. No. 34) taxed against Plaintiff.

(3)   By April 14, 2021, Defendant is directed to file an amended Bill of

Costs consistent with the amounts allowed as set forth in this order.   The Clerk

will immediately tax the amended Bill of Costs upon filing.

**DONE** and **ORDERED** at Tampa, Florida, this 7th day of April, 2021.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Plaintiff Joyce Trice, 12401 Orange Grove Drive S, Apt 1006, Tampa, FL 33618